Estate of Earl S. Douglass, Deceased, Dorothy Griggs Douglass, Executrix v. Commissioner.
Estate of Douglass v. Commissioner
Docket No. 84842.
United States Tax Court
T.C. Memo 1961-41; 1961 Tax Ct. Memo LEXIS 304; 20 T.C.M. (CCH) 231; T.C.M. (RIA) 61041; February 21, 1961
Harry L. Freeman, Esq., for the petitioner. William T. Ivey, Jr., Esq., for the respondent. WITHEY
Memorandum Opinion WITHEY, Judge: For the years 1955 and 1956 the respondent has determined deficiencies of $1,671.31 and $119.10, respectively, in the income tax of Earl S. Douglass, who died subsequent to the filing of the petition herein and who sometimes hereinafter will be referred to as decedent. Dorothy Griggs Douglass is the duly qualified and acting executrix of the decedent's estate. The only issue presented is whether certain payments made by decedent to his divorced wife in pursuance of certain terms of an agreement attached to and made a part of a divorce decree are properly includible in the taxable income of his wife and therefore deductible by him as alimony. All the facts are stipulated *305 and are so found. Decedent filed his individual income tax returns for the years 1955 and 1956 with the district director at San Francisco, California. Prior to their divorce which occurred on July 17, 1954, decedent and his then wife were separated and contemplating divorce. They had two minor children. They entered into an agreement on May 10, 1954, settling their property affairs, the alimony to be paid to the wife, and the custody and support, maintenance, and education of their children. When a divorce decree was entered granting an absolute divorce to the wife, the agreement was incorporated therein as a part thereof. Paragraph 2(c) of the agreement provided as follows: 2(c) As long as either child of the parties is alive and under 21 years of age, the Husband shall pay to Wife the sum of $100.00 per month to defray increased expense in the operation of Wife's household by reason of having available for either child or both children a place of abode; this sum shall not be subject to reduction for any reason including absence of either child or both children from said household. Paragraph 2(d) thereof is as follows: 2(d) In addition the Husband shall pay all other *306 expenses necessary for the reasonable and proper maintenance, care, support and education of the children of the parties, including, without limiting the generality of the foregoing, clothing, medical and dental care, tuition and incidentals and travel. As a child reaches majority or dies, whichever first occurs, the obligation to make payments under this subparagraph (d) on account of said child shall cease. Decedent in his income tax return for 1955 deducted as alimony required to be included in his wife's taxable income $1,200 paid by him under paragraph 2(c) of the agreement. In his return for 1956 he deducted as alimony $300 paid under the same provision. The Commissioner has disallowed both deductions, and we find his action to be proper. There is no contest here as to the applicable law. The parties agree that if the payments in dispute do not fall within the provisions of section 71 of the Internal Revenue Code of 1954 requiring their inclusion in the gross income of the wife, they are not deductible by petitioner. They agree that if the payments are for the support of their children, they are excluded from that section and are not to be included in *307 the wife's gross income and therefore are not deductible by petitioner. It seems clear to us that paragraph 2(c) of the agreement can properly be read in no other way than to provide for the continual maintenance by the wife of living quarters for the children, the physical custody of whom was given to her. It certainly cannot be construed as providing for the support of the wife because by its very wording the parties contemplate that there will be an "increased expense in the operation of Wife's household by reason of having available for either child or both children a place of abode." To contend otherwise is but an exercise in semantics. If more is needed, we have but to look at the next provision of the agreement, paragraph 2(d), which provides that - In addition the Husband [decedent] shall pay all other expenses necessary for the reasonable and proper maintenance, care, support and education of the children of the parties * * * [Italics supplied.] How it can be seriously contended that the word "other," as there used, has a reference to any provision other than paragraph 2(c) is beyond comprehension. We feel certain that decedent himself intended the payments made *308 by him under the 2(c) provision to make sure that his children would have a home with the wife. The respondent's action is sustained. Decision will be entered for the respondent.